SALLIE S. BROWN, Appellant, Respondent, *v.* THE CLEVELAND TRUST COMPANY, Respondent, Appellant.

First Department, November 17, 1922.

Husband and wife — alimony — tripartite agreement executed by defendant guaranteeing payment of alimony — husband conveyed property in trust to defendant as security — agreement gave defendant power after payment of installment of alimony by it to foreclose lien on husband's property — husband able to reimburse defendant and occupied property without paying rent — defendant was bound to foreclose lien as soon as husband failed to pay alimony — on sale of property defendant could not charge accumulated advances against fund — services of defendant not chargeable against fund — defendant chargeable with sale price of property less mortgage held by it.

The plaintiff sued her husband for divorce and thereafter the plaintiff and her husband and the defendant entered into a tripartite agreement providing for the payment of alimony monthly to the plaintiff. Defendant guaranteed the payment of the alimony and as security the husband transferred a house and lot to the defendant in trust. The agreement provided that in case the husband failed to pay the alimony then the defendant would do so upon demand by the

plaintiff and if the defendant made advances of alimony as provided it had the right, after thirty days' written notice to the husband, to sell the property held by it in trust for the purpose of reimbursing itself. It was provided also that if the property were sold then the proceeds remaining after reimbursing the defendant, or such part thereof as might be necessary, should be held by the defendant to secure the prompt payment of the installments of alimony. Defendant advanced installments of alimony to the amount of several thousand dollars and then foreclosed its lien on the house and lot which was sold for $34,000. During all the period of time after the execution of the agreement up to the time of the sale of the house, plaintiff's husband occupied the house without paying any rent therefor, and there is no evidence that at any time he was unable to pay the advances made by the defendant.

*Held,* that it was the duty of the defendant as soon as plaintiff's husband failed to pay the monthly installments and after it had advanced an installment, to notify the husband to reimburse it and on his failure to do so the defendant was bound by the agreement to foreclose its lien on the house and lot for the protection of the plaintiff. The defendant did not have any right to permit advances made by it to accumulate to several thousand dollars before taking steps to foreclose the lien and, therefore, it is not entitled to deduct from the amount received on the sale of the property the amount of advances which it had theretofore made on account of alimony, but it is chargeable with the full sale price of the house and lot less the balance due on a mortgage held by it against the property.

The expenses of the trust are not chargeable to the fund realized from the sale, since the defendant agreed to look to the plaintiff's husband for the reimbursement of those expenses.

REMITTITUR from the Court of Appeals of cross-appeals by the plaintiff, Sallie S. Brown, and the defendant, The Cleveland Trust Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of November, 1919, upon the decision of the court rendered after a trial at the New York Trial Term the jury having been discharged by the court at the request and on consent of both parties. (See 195 App. Div. 465.)

*Breed, Abbott & Morgan [William C. Breed* of counsel; *Edward A. Craighill, Jr.,* with him on the brief], for the plaintiff.

*O'Gorman, Battle & Vandiver [Frank A. Quail* of counsel; *George Gordon Battle* and *Addison A. Van Tine* with him on the brief], for the defendant.

SMITH, J.:

The plaintiff was married to John H. Brown prior to the 2d day of June, 1899, in the State of Ohio. The plaintiff had sued said Brown for an absolute divorce. Upon the 2d day of June, 1899, at the city of Cleveland, in the State of Ohio, the said John H. Brown, as party of the first part, the plaintiff, as party of the second part, and the defendant, as party of the third part, entered into an agreement for securing to the plaintiff as party of the second

part to that agreement the payment of $200 a month as long as she should live and remain unmarried, or $100 a month in case she should remarry. John H. Brown deeded to the defendant a house and lot in the city of Cleveland, which at that time was occupied by him and was supposed to be worth in the neighborhood of $75,000 or $80,000. The property was deeded to the trust company as security for the fulfillment of the obligations of said Brown to the plaintiff.

The agreement reads in part as follows:

" 4. In the event said party of the first part fails to pay to the party of the second part any of said monthly payments hereinbefore provided, said party of the third part shall have the right to and shall, on demand of said party of the second part, advance the said monthly payments at the rate of Two hundred dollars per month to the said party of the second part, and, in addition thereto, shall pay any and all taxes which shall become due and payable and which shall not have been paid by the party of the first part, together with the cost of any and all insurance which shall not have been paid for by said party of the first part, and the expense of any and all repairs which said party of the third part may deem necessary to be made upon the buildings situated on the aforesaid premises and the appurtenances connected therewith; provided first party either refuses or neglects to make said repairs. And for all such advances with interest at 6% per annum so made by said party of the third part, it is agreed by the parties of the first and second part that said party of the third part shall have a first lien upon the aforesaid premises and hold the title thereof to secure to itself the repayment of the same. And in the event the said party of the third part so makes advances for the purposes aforesaid, the said party of the first part hereby agrees that, after thirty days' written notice to him from said party of the third part to reimburse it for any and all such advances or expenses, said party of the third part shall have the right to, and shall, whenever in the discretion of its officers it deems it necessary in order to protect itself and at the same time protect the party of the second part by providing a fund, the income from which will be sufficient to provide for the payment of the monthly sums then due and payable to said party of the second part and to become due and payable during the remainder of her natural life, subject the said property to sale and sell the same, either at private or public sale, according to the best judgment of the officers of party of the third part, for the purpose of reimbursing itself for all such advances and expenses so made and incurred; and the remaining proceeds of any such sale, or so much thereof as in the opinion of the officers

of the party of the third part may be necessary, shall be held by said party of the third part to secure the prompt and punctual payment of the monthly installments thereafter becoming due and payable to the party of the second part, together with the taxes, insurance, repairs and expenses of every other character in connection with the administration of this trust, which the party of the first part shall have failed to pay or neglected to make proper provision for in the future.

"And in the event of any such sale, the said party of the third part is hereby authorized and empowered to invest the proceeds derived therefrom according to the best judgment of its officers, and thereafter pay the income derived from the investment of said proceeds, and the principal thereof if necessary, in making said monthly payments as they become due and payable to said party of the second part."

The said Brown, also by this tripartite agreement, agreed to pay all charges for services of the defendant under the said agreement.

Brown paid to his wife $200 a month up to 1903, at which time, at his request, the defendant paid the $200 per month to the plaintiff, and also the taxes as they became due upon the place. The defendant paid these amounts to the plaintiff until 1908, when it refused to pay anything further to the plaintiff. The defendant, however, paid the taxes as they became due.

The plaintiff brought an action in this State to recover the $200 per month and judgment was directed for the recovery of the same by the trial court and was affirmed by this court. Upon the entry of the judgment the defendant paid up what was due and continued to pay the monthly installments as provided in the contract until 1911. At that time the defendant gave notice to John H. Brown that it would foreclose its lien. Brown was at that time using the property without the payment of rent therefor. He also believed that the property was of greater value than could then be received by reason of the then state of the market. Following that notice an action was brought to foreclose the defendant's lien and judgment was obtained. Thereafter in consideration that the defendant should not then sell the property Brown agreed to pay to the defendant and did pay substantial sums to reduce the defendant's lien and to pay the plaintiff the amount due to her under the agreement. The monthly allowances were paid by the defendant until sometime in 1915, at which time the defendant refused to make further payments. The property was thereupon sold and the amount received upon the sale was $34,000. The defendant claimed at that time, however, liens upon the property in excess

of the amount received and, therefore, claimed that it was relieved of all further liability to pay anything to the plaintiff under the said agreement.

After these payments were refused the plaintiff commenced two actions to compel payment of different installments, the amounts provided for in the agreement. These actions were consolidated and were tried as one action. The trial court has found that the defendant held the title to this property as security for any payments that it might make under the tripartite agreement. It has held, however, that the defendant has been guilty of negligence in failing to protect the interest of the plaintiff which it was bound to do, and in failing to collect from John H. Brown reimbursement for the moneys paid under the contract and has finally charged the defendant with the sum of $25,832.57, from which amount was to be paid the amount of moneys due to the plaintiff, to wit, $9,943.27, and the balance of the moneys are directed to be held by the trustee for the payment of $200 per month until the same shall have been exhausted.

In my judgment the relief given by the trial court was inadequate. This trustee might pay of its own volition and was required to pay upon the plaintiff's demand the $200 a month to the plaintiff in case of the default of John H. Brown. The defendant was required to pay all taxes and keep the property in repair. For those advances, either for taxes or repairs, or for payments to the plaintiff, the defendant had a lien upon the property. It was provided, however, in the agreement that after having made those advances the defendant might give thirty days' notice to John H. Brown, and upon his failure to reimburse the defendant, the defendant might foreclose its lien. At all times from the making of the original agreement until the sale of the property under foreclosure, John H. Brown was occupying this property rent free. He was having large transactions with the defendant trust company independent of the matter in suit, in which he was furnishing collateral. He was supposed to be a wealthy man and the trial court found that there is no evidence that at any time was he unable to pay the amount of these advances by the trust company. The trust company held this property under a duty to protect the interest of the plaintiff. Brown, as before stated, was occupying the premises rent free. Upon failure to reimburse the defendant for any advances after thirty days' written notice the defendant might foreclose its lien. It is too clear for argument that the defendant had no right to continue to pay without enforcing reimbursement from Brown and allow these charges to accumulate against the property. Upon foreclosure Brown would have lost

the possession of the premises and the defendant either could have bought in the premises and rented the same or could have sold them for a sum in excess of what would have been required to pay both the taxes and the plaintiff's monthly installments. The intimate association between John H. Brown and the defendant in other business transactions would seem to have been the incentive to the defendant to neglect the interest of the plaintiff and to accumulate a large lien to be deducted from the moneys received upon the ultimate foreclosure. This the defendant clearly was not authorized to do. It was the duty of the defendant, whenever advances were made, at once to give notice to Brown, and upon his failure to reimburse the defendant, to sell the property, at least as long as the probable proceeds of the property would yield enough income to pay the expenses which the defendant under its tripartite agreement was required to pay, including the monthly installments to the plaintiff. The property finally sold for $34,000. There is no claim that the property at any time was worth less than that, and the proof seems to show that in 1911, when the foreclosure was started, the property could have been sold for between $40,000 and $50,000. The lien, therefore, which is claimed by the defendant to attach for advances not reimbursed, cannot be upheld, because that lien arose from the neglect of the defendant trust company to give the notice and force the sale of the property upon Brown's failure to pay. While Brown was occupying this property rent free, the inference is very strong that he would have paid the moneys thus advanced, rather than lose possession of the property by foreclosure. In any event, before the defendant can justify its claimed lien for advances, it must show that it has performed its duty to plaintiff.

The expenses of the trust are not chargeable to this fund in any way. They were agreed to be paid by John H. Brown and were not made a lien upon the property, and to John H. Brown alone under the agreement can the defendant look for reimbursement therefor.

There was subsequently added to the security what is called a barn lot. This was purchased in 1908, after the making of the original agreement. Upon that barn lot there was a mortgage for which the defendant paid $5,143.42. Upon this mortgage John H. Brown afterwards paid $2,146.17, which reduced the mortgage to the sum of $2,997.25. In order to obtain equity the plaintiff must do equity. The plaintiff should be required to allow to the defendant this sum of $2,997.25, with interest from March 14, 1915, to the time of the sale, which may be deducted from the $34,000 received by the defendant upon the foreclosure sale.

Without evidence to show the inability of the defendant to pro-

cure reimbursement for advances made, and with many facts from which the inference seems to be required that any effort on the part of the defendant so to do would have been successful, in my judgment the defendant can claim no charge upon the proceeds of sale of this property, except as hereinbefore stated. The defendant should, therefore, be charged with $34,000 as of the time of the sale of the property under the foreclosure, less the amount found due to the defendant, as before stated, upon the barn lot, with six per cent interest upon such sums as have become due since the said foreclosure from the time at which they should have been paid to the entry of judgment, and with five per cent upon the balance to the time of entry of judgment hereon. From these sums should be paid the plaintiff the amount due as found by the trial court, and the judgment should be modified accordingly, and as modified affirmed, with costs of this appeal to the plaintiff.

CLARKE, P. J., and DOWLING, J., concur; PAGE and MERRELL, JJ., concur in result.

Judgment modified as stated in opinion, and as modified affirmed, with costs of this appeal to plaintiff. Settle order on notice.